O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:15-CV-01430 (VEB)

WILLIAM L. QUEEN,

               Plaintiff,

DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

## I. INTRODUCTION

In December of 2012, Plaintiff William L. Queen applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by The Law Offices of Bill LaTour, Jessica Williams-Bronner, Esq., of counsel, commenced this action seeking

judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 23, 24). On May 2, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for benefits on December 18, 2012, alleging disability beginning December 31, 2010, due to various physical and mental impairments. (T at 16, 70).[1]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On November 5, 2014, a hearing was held before ALJ Joseph Schloss. (T at 34).  Plaintiff appeared with an attorney and testified. (T at 37-52).  The ALJ also received testimony from Troy Scott, a vocational expert (T at 52-54).

On December 4, 2014, the ALJ issued a written decision denying the application for benefits.  (T at 13-33).  The ALJ's decision became the Commissioner's final decision on June 5, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 17.

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

On July 17, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on October 28, 2015. (Docket No. 13).  The parties filed a Joint Stipulation on February 18, 2016. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be reversed and this case remanded for further proceedings.

## III. DISCUSSION

### A.   Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

1  claimant is able to perform previous work, he or she is deemed not disabled. 20

2  C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

3  functional capacity (RFC) is considered. If the claimant cannot perform past relevant

4  work, the fifth and final step in the process determines whether he or she is able to

5  perform other work in the national economy in view of his or her residual functional

6  capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

7  416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

8        The initial burden of proof rests upon the claimant to establish a *prima facie*

9  case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

10  Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden

11  is met once the claimant establishes that a mental or physical impairment prevents

12  the performance of previous work. The burden then shifts, at step five, to the

13  Commissioner to show that (1) plaintiff can perform other substantial gainful

14  activity and (2)  a "significant number of jobs exist in the national economy" that the

15  claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

16  **B.**  **Standard of Review**

17        Congress has provided a limited scope of judicial review of a Commissioner's

18  decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

19  made through an ALJ, when the determination is not based on legal error and is

20

1  supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

2  1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

3         "The [Commissioner's] determination that a plaintiff is not disabled will be

4  upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

5  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

6  evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

7  n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

8  599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

9  reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

10 *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

11 conclusions as the [Commissioner]  may reasonably draw from the evidence" will

12 also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

13 the Court considers the record as a whole, not just the evidence supporting the

14 decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

15 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

16        It is the role of the Commissioner, not this Court, to resolve conflicts in

17 evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

18 interpretation, the Court may not substitute its judgment for that of the

19 Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

20

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 31, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2014 (the date last insured). (T at 18).  The ALJ found that Plaintiff's rheumatoid arthritis, degenerative disc disease of the lumbar spine, and cirrhosis were "severe" impairments under the Act. (Tr. 18).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 21).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567 (b), as follows: he

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

can lift/carry 20 pounds occasionally and 10 pounds frequently; he can stand/walk for 6 hours in an 8-hour workday with regular breaks; he can sit for 6 hours in an 8-hour workday; he can push and pull within the above weight limits; he can frequently climb ramps and stairs, balance, stoop, kneel, and crouch; he can occasionally crawl; and he can occasionally climb ladders, but cannot climb ropes or scaffolds. (T at 22).

The ALJ found that Plaintiff could perform his past relevant work as a store car rental agent and retail sales/service clerk. (T at 29).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from December 31, 2010 (the alleged onset date) through December 4, 2014 (the date of the ALJ's decision). (T at 29-30). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.   Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 21), Plaintiff offers three (3) arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ's step three (Listings) analysis was flawed. Second, Plaintiff argues that the ALJ did not adequately develop the record. Third, Plaintiff asserts that the ALJ erred at step two of the sequential evaluation in

finding Plaintiff's mental impairment non-severe.   This Court will address both arguments in turn.

# IV. ANALYSIS

## A.    Listings Analysis

At step three of the sequential evaluation, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1 of the Regulations (the "Listings"). *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets or equals a listed impairment, he or she is "conclusively presumed to be disabled and entitled to benefits." *Bowen v. City of New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *see also* 20 C.F.R. §§ 404.1525(a); 416.925(a).

An impairment meets a Listing if the impairment matches all of the medical criteria specified in the Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). An impairment or combination of impairments that satisfies some, but not all of the criteria, does not qualify. *Sullivan*, 493 U.S. at 530; *Tackett*, 180 F.3d at 1099.

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

The claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment. To satisfy this burden, the claimant must offer medical findings equal in severity to all requirements, which findings must be supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.926(b).

If a claimant's impairment does not satisfy the Listings criteria, he or she may still be disabled if the impairment "equals" a listed impairment. 20 C.F.R. § 404.1520(d). Equivalence will be found if the medical findings are (at a minimum) equal in severity and duration to the Listed impairment. *Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1990). To determine medical equivalence, the Commissioner compares the findings concerning the alleged impairment with the medical criteria of the listed impairment. 20 C.F.R. §§ 416.924(e), 416.926.

If a claimant has multiple impairments, the ALJ must determine "whether the combination of [the] impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(a). The claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1996). "A finding of equivalence must be based on medical evidence only." *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)(citing 20 C.F.R. § 1529(d)(3)).

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

1    "[I]n determining whether a claimant equals a listing under step three . . . the

2    ALJ must explain adequately his evaluation of alternative tests and the combined

3    effects of the impairments." *Marcia*, 900 F.2d at 176 (9th Cir. 1990). A remand may

4    be required if ALJ fails adequately to consider a Listing that plausibly applies to the

5    claimant's case. *See Lewis*, 236 F.3d at 514.

6        In this case, Plaintiff contends that the ALJ erred by failing to consider Listing

7    §5.05.

8        Listing § 5.05 (A) requires proof of "[h]emorrhaging from esophageal, gastric,

9    or ectopic varices or from portal hypertensive gastropathy, demonstrated by

10   endoscopy, x-ray, or other appropriate medically acceptable imaging, resulting in

11   hemodynamic instability as defined in 5.00D5, and requiring hospitalization for

12   transfusion of at least 2 units of blood."

13       The definition section of §5.00D5 explains that "[g]astrointestinal

14   hemorrhaging can result in hematemesis (vomiting of blood), melena (tarry stools),

15   or hematochezia (bloody stools)."  It further states that "hemodynamic instability is

16   diagnosed with signs such as pallor (pale skin), diaphoresis (profuse perspiration),

17   rapid pulse, low blood pressure, postural hypotension (pronounced fall in blood

18   pressure when arising to an upright position from lying down) or syncope

19   (fainting)."

20

There are several items of evidence in the record indicating that Plaintiff's impairments meet or equal the criteria for Listings § 5.05A.   Plaintiff was hospitalized from May 30 through June 3, 2013, due to shortness of breath, hematemesis, and melena. (T at 442-43, 444-45).  He was hospitalized again in late July 2013, with complaints of vomiting and heavy melana. (T at 422-24).  Plaintiff was noted to have Grade 2 esophageal varices, diffuse portal hypertensive gastropathy, colon polyps, and hemorrhoids. (T at  427-28, 430-31).

In August of 2013, Plaintiff was treated for an upper GI bleed, related to esophageal varices with banding and hematemesis (vomiting of blood). (T at 415-16).  He was described as having hematochezia (bloody stool) and lightheadedness. (T at 416).  Plaintiff was again noted to be vomiting blood and experiencing melena in September of 2013. (T at 374).   He presented to the emergency room in November 2013 after vomiting blood. (T at 404-07).  This led to a hospitalization for an upper GI bleed. (T at 401-02).  Plaintiff was discharged three days later, with a diagnosis of upper GI bleed, secondary to gastric varices; cirrhosis secondary to alcohol and hepatitis B and C; and rheumatoid arthritis. (T at 401-02).  During his hospitalization, Plaintiff received two units of packed red blood cells. (T at 401-02). In August 2014, Plaintiff was seen at Hemet Valley Medical Center for upper GI

bleeding. (T at 588-90).   An unhealthy pale appearance (pallor) was noted. (T at 588-90).

The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (T at 21).   The ALJ explained that he considered Plaintiff's impairments, singly and in combination, under Listings §§ 1.02, 1.04, 12.04, 12.06, 12.09, and 14.09. (T at 22). The ALJ offered no discussion or analysis of Listing§ 5.05A.

Plaintiff argues that this was error, requiring remand.   The Commissioner's primary response to this argument is to note (correctly) that Plaintiff, who was represented by counsel, failed to raise this issue (and/or reference Listing § 5.05A) at any point during the administrative review process.

This Court is mindful of case law to the effect that courts "generally will not consider an issue on judicial review that had not been presented previously to the Commissioner at some point during administrative proceedings." *See Mays v. Colvin*, No. 1:13-cv-00904, 2014 U.S. Dist. LEXIS 169575 (E.D. Ca. Dec. 8, 2014)(citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)).

Indeed, some courts have concluded that allowing claimants to raise new arguments at the district court review level creates "a perverse incentive for Social Security attorneys to sandbag at the administrative level and save their best

arguments on appeal, where they can seek attorneys' fees for the unnecessary work performed at the district court level." *Ellerd v. Colvin*, No. 1:14-cv-00908, 2015 U.S. Dist. LEXIS 126893, at *17 (E.D. Ca. Sept. 17, 2015); *see also Levins v. Astrue*, No. 09-C-1067, 2010 U.S. Dist. LEXIS 53222, at *14-15 (E.D. Wa. May 10, 2010)("To hold otherwise would invite claimants to strategically sandbag before the ALJ by explicitly stating that they are alleging disability under only a single Listing only to later allege, should the ALJ's decision be unfavorable, that remand is required because of the ALJ's failure to discuss the potential of medical equivalence of an arguably relevant Listing.").

Setting aside the question of whether counsel might "strategically sandbag," this Court notes that a more charitable, although still troubling, possibility should be considered -- counsel might simply not pay sufficient attention to certain, more labor-intensive details (e.g. reviewing the evidence and all of the Listings to determine which ones might be applicable) during the administrative process, relying on the ALJ to perform the "heavy lifting," secure in the knowledge that counsel can always "catch up" and raise the necessary points if the application is denied and district court review is required,

With that said, this Court is also mindful of cases holding that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec.*

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

*Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f). Indeed, while the burden of proof lies with the claimant, the ALJ has an affirmative "duty to fully and fairly develop the record and to assure that the claimant's interests are considered" and this duty applies "even when the claimant is represented by counsel." *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ."). Moreover, the Ninth Circuit has permitted claimants to raise legal issues for the first time at the judicial review level. *See Kokal v. Massanari*, 163 F.Supp. 2d 1122, 1129 n. 4 (N.D. Cal. 2001)(collecting cases).

In this case, this Court notes two factors that weigh in favor of a finding that Plaintiff should not be deemed to have waived this argument. First, the question of Plaintiff's liver disease was open and obvious. Indeed, the ALJ determined that Plaintiff's cirrhosis was a severe impairment. (T at 18). It is thus difficult to understand why the ALJ did not consider Listing § 5.05 (the listing for chronic liver disease), even if Plaintiff's counsel did not expressly reference that Listing during the administrative proceedings. This Court would be more inclined to apply waiver if the evidence or issue in question was obscure or somehow "buried" in a

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

1   voluminous record.  In such a case, it would seem more appropriate to hold counsel,

2   who is (or should be) well-versed in the evidence, responsible for failing to raise the

3   issue during the administrative proceedings.  Of course, the *better practice* would be

4   for counsel to raise all issues, whether obvious or not.  However, the "sandbagging"

5   concerns that motivate application of the waiver doctrine apply with less force to

6   open and obvious issues, where it is likely that the ALJ should have considered the

7   question even without particular prompting from counsel).

8       Second, the evidence that Plaintiff's impairments meet or medically equal

9   Listing §5.05A, as outlined above, appears to be strong.  Indeed, the Commissioner

10  provided only a single paragraph, conclusory rebuttal to Plaintiff's detailed summary

11  of the evidence supporting his claim that Listing § 5.05A is met. (Docket No. 21, at

12  p. 12).

13      In light of the foregoing, this Court declines to find waiver and concludes that

14  the ALJ's Listings analysis was flawed because it did not include consideration of

15  Listing § 5.05A.  A remand is therefore required.

16  **B.     Development of the Record**

17      As discussed above, there is no question that "the ALJ has a duty to assist in

18  developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d

19  587, 589 (9th Cir. 1998).  One of the tools the ALJ has to develop the record is the

20

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

ability to order a consultative examination, *i.e.*, "a physical or mental examination or test purchased for [a claimant] at [the Commissioner's] request and expense." 20 C.F.R. §§ 404.1519, 416.919.   Another option is for the ALJ to have a medical expert review the record and testify at the administrative history regarding his or her assessment of the evidence. *See Webb v. Astrue*, No. CV 08-1067, 2010 U.S. Dist. LEXIS 19747, at *3 (D. Or. Mar. 2, 2010); *see also* 20 CFR § 404.1526 (e), SSR 96-6p.

Here, the record contains significant evidence documenting Plaintiff's cirrhosis of the liver, which involved esophageal varices with hypotension and tachycardia, portal hypertensive gastropathy, upper GI bleeding (which required a transfusion), melana, and hematemesis.   The ALJ did not consider whether Plaintiff's impairments met or medically equaled Listing § 5.05A.   As such, for the reasons outlined above, a remand will be directed.   On remand, the ALJ should carefully consider whether medical expert testimony is appropriate. *See Riggs*, 2009 U.S. Dist. LEXIS 25734 (discussing medical expert question in the context of Listings analysis and noting that the "Commissioner has ruled that medical expert testimony on the issue of equivalence is required … when … the evidence suggests a 'judgment of equivalence may be reasonable'")(citing SSR 96-6p).

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

## C.      Step Two Severity Analysis

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).   The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28).  The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting,

pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

Plaintiff argues that the ALJ erred by finding that his "medically determinable mental impairments of depression, anxiety, and history of alcohol abuse, in reported remission, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities" and, as such, were non-severe. (T at 18).

This Court finds no reversible error as to this aspect of the ALJ's decision. The ALJ relied upon the assessments of two consultative examiners (Dr. Thaworn Rathana-Nakintara and Dr. Linda Smith), both of whom assessed mild to no limitations with regard to Plaintiff's functional mental limitations. (T at 304-308, 322-328).   Two State Agency review consultants likewise assessed only mild limitations with regard to activities of daily living, maintaining social functioning, and maintaining concentration, persistence, and pace. (T at 21).

In addition, any arguable step two error was harmless. Although the ALJ found that Plaintiff's mental health impairments were non-severe, the overall step two analysis was resolved in Plaintiff's favor, *i.e.* the ALJ concluded that Plaintiff had some severe impairments and proceeded with the sequential analysis. The ALJ

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

also discussed Plaintiff's mental impairments extensively and clearly considered them when determining Plaintiff's RFC.  As such, even assuming *arguendo* that the ALJ erred in finding that Plaintiff's mental health impairments were non-severe, any error in that regard was harmless. *See See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Thus, while this Court finds that a remand is necessary with regard to the ALJ's step three (Listings) analysis, there is no reversible error concerning the step two (severity) assessment.

**D.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In contrast, an award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally

1   sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that

2   must be resolved before a determination of disability can be made, and (3) it is clear

3   from the record that the ALJ would be required to find the claimant disabled were

4   such evidence credited. *Id.* (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th

5   Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of

6   Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988)).

7          For the reasons outlined above, this Court finds that a remand for calculation

8   of benefits is the appropriate remedy.  Although claimant's counsel certainly should

9   have raised Listing § 5.05A at the administrative level, that impairment should have

10  been apparent to the ALJ as it was obviously suggested by the evidence of record.

11  Moreover, the evidence clearly indicates that Plaintiff's impairments satisfy the

12  Listing.  This Court might have some reluctance about remanding for calculation of

13  benefits based on a issue that was neither raised by counsel nor addressed in the first

14  instance by the ALJ.  However, virtually no effort was made in the Commissioner's

15  portion of the Stipulation to contest the detailed and compelling case made by

16  Plaintiff's counsel on the merits to the effect that the Listing has been satisfied.  In

17  other words, to order a remand for further proceedings, this Court would need to

18  believe that the proceedings would serve some purpose  - i.e. that the ALJ might

19  reach some conclusion other than the conclusion that appears apparent from the

20

present record – that Plaintiff is disabled.  This Court finds no such likelihood and the Commissioner made little effort to offer such a case.  Accordingly, this Court finds that a remand for calculation of benefits is the appropriate remedy.

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision; and REMANDING this case for calculation of benefits;

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees and costs.

DATED this 15th day of June, 2016

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)