O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:15-CV-01430 (VEB)

WILLIAM L. QUEEN,

　　　　　　　Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

　　　　　　　Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In December of 2012, Plaintiff William L. Queen applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by The Law Offices of Bill LaTour, Jessica Williams-Bronner, Esq., of counsel, commenced this action seeking

1  judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§
2  405 (g) and 1383 (c)(3).

3      The parties consented to the jurisdiction of a United States Magistrate Judge.
4  (Docket No. 23, 24). On May 2, 2016, this case was referred to the undersigned
5  pursuant to General Order 05-07. (Docket No. 22).

6      On June 16, 2016, this Court entered a Decision and Order reversing the
7  Commissioner's decision and remanding this case for calculation of benefits.
8  (Docket No. 25).   Judgment was entered in Plaintiff's favor on the same date.
9  (Docket No. 26).

10      On July 14, 2016, the Commissioner filed a Motion to Alter or Amend
11  Judgment pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure. (Docket
12  No. 27).  Plaintiff filed an opposition response on August 8, 2016. (Docket No. 28).

13      Familiarity with this Court's prior Decision and Order is presumed.  For the
14  following reasons, the Commissioner's motion is granted, in part.

15

16                          **II. DISCUSSION**

17  **A.    Rule 59 (e) Standard**

18      A court may alter or amend a judgment under Rule 59(e) of the Federal Rules
19  of Civil Procedure if "(1) the district court is presented with newly discovered
20

evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  However, a motion for reconsideration is not appropriately brought to present arguments already considered by the court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).

In this case, the Commissioner does not argue that there is newly discovered evidence or that controlling law has changed.  Rather, the Commissioner contends that this Court committed clear error by remanding for calculation of benefits, as opposed to remanding for further proceedings.

**B**.   **Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. A remand for calculation of benefits is warranted where "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)

**C.    Analysis**

In sum, this Court found that the ALJ erred by failing to consider Listing §5.05 (Chronic Liver Disease), which – although inexplicably not raised by claimant's counsel at the administrative level – was clearly suggested by the medical record.  The Commissioner's contentions in the Joint Stipulation primarily focused on the argument that Plaintiff had waived this issue by failing to present it at the administrative level.  This Court found that argument unpersuasive for the reasons stated in the Decision and Order.

In the Joint Stipulation, the Commissioner offered this Court very little argument or analysis on the merits of this question – i.e. on the issue of whether substantial evidence would support a conclusion that Plaintiff's impairments did not meet or medically equal Listing §5.05A.  Instead, the Commissioner provided only a single conclusory paragraph in rebuttal to Plaintiff's detailed summary of the evidence supporting his claim that Listing § 5.05A was satisfied. (Docket No. 21, at p. 12).

Now, upon this motion, the Commissioner offers a very detailed explanation as to why a remand for further proceedings should be ordered (as opposed to a remand for calculation of benefits)(Docket No. 27). Plaintiff offers a conclusory, one-paragraph response (Docket No. 28) stating agreement with this Court's

Decision and Order, but without addressing substantively the new concerns raised by the Commissioner.  This Court certainly would have appreciated having the benefit of the Commissioner's arguments presented here when it was originally presented with this case.

Although this Court is frustrated by the briefing decisions of both attorneys (by the Commissioner's counsel in the original briefing and Plaintiff's counsel with respect to the instant motion) and concerned about allowing essentially new arguments to be presented on a reconsideration motion, this Court nevertheless feels constrained to grant the requested relief, in part, and modify, in part, its original Decision and Order.

In particular, it appears that further analysis is required to determine the duration of Plaintiff's disability.

In sum, Listing §5.05A provides that the claimant who satisfies the other requirements of the Listing is presumed disabled for a period of 1 year following the last documented blood transfusion, with disability thereafter to be determined by the ALJ.  Thus, although Plaintiff's impairments satisfy the requirements of Listing §5.05A in all other respects, further analysis is required to determine the residual impairment following the one-year period of presumptive disability.  The Commissioner has not had the opportunity to perform this analysis and makes a

5

compelling case (albeit for the first time on reconsideration), that benefits cannot be calculated without such findings.  As such, to that limited extent and to allow for that review and determination, the motion is granted and this Court's Decision and Order is modified.

However, to the extent the Commissioner seeks to revisit this Court's decision that Plaintiff's impairments met or medically equaled Listing § 5.05 (A), that request is denied for the reasons stated in the original Decision and Order.

### III. ORDERS

IT IS THEREFORE ORDERED that:

The Commissioner's Motion to Alter or Amend Judgment (Docket No. 27) is GRANTED, in part, and

This case is REMANDED for further proceedings consistent with this Court's original Decision and Order (Docket No. 25), as modified by this Decision and Order; and

An Amended Judgment shall be entered to that effect.

DATED this 12th of December, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – QUEEN v COLVIN 5:15-CV-01430 (VEB)